UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER BLOXSON,

    Plaintiff,

CASE NO. 1:10-cv-1303

v.

HON. ROBERT J. JONKER

DANIEL THOMPSON, *et al.*,

    Defendants.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 19) and Plaintiff's Objections to it (docket # 21). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

In his Report and Recommendation, Magistrate Judge Brenneman recommends that Defendant Daniel Thompson and Michael Martin's Motion for Summary Judgment (docket # 12) be granted. Plaintiff raises multiple objections to the Report and Recommendation (docket # 21),

but none of the objections undermine the conclusion of the Magistrate Judge. After a de novo review of the record, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (docket # 19) and **GRANTS** Defendants' Motion for Summary Judgment (docket # 12).

### A.     Plaintiff failed to exhaust his claim against Defendant Martin.

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to properly exhaust his administrative remedies against Defendant Martin. Plaintiff's Grievance No. IBC-10-08-2165-20F (the "2165 Grievance"), which he pursued through Step III of MDOC's grievance process, stated that "[Defendant] Thompson has refused to honor my request for the strict vegetarian diet." (docket # 21-1, at 3.) In response, William Morrow, the Step I grievance coordinator, informed Plaintiff that Defendant Martin—not Defendant Thompson—was responsible for denying Plaintiff's request for a strict vegetarian diet. (*Id.*) Following this Step I response, Plaintiff proceeded to exhaust the 2165 Grievance against Defendant Thompson. (*Id.* at 4-7.) Plaintiff argues that by exhausting the 2165 Grievance against Defendant Thompson, he also exhausted his grievance against Defendant Martin, even though Plaintiff never named Defendant Martin in the 2165 Grievance. (docket # 21, at 1-3.)

Plaintiff's argument is unpersuasive. MDOC Policy Directive 03.02.130, which outlines the policies and procedures applicable to the grievance in this case, required Plaintiff to specify the "[d]ates, times, places, and names of all those involved in the issue being grieved." (docket # 13-2, at 5.) It is undisputed that Plaintiff failed to name Defendant Martin in the 2165 Grievance. Therefore, under prevailing Sixth Circuit precedent, Plaintiff failed to exhaust his claim as to Defendant Martin. *See, e.g.*, *Hall v. Warren*, 443 Fed. App'x 99, 2011 WL 4916704, at *6 (6th Cir. Oct. 18, 2011) (dismissing claim because plaintiff failed to name defendant in grievance in violation

2

of MDOC Policy Directive 03.02.130); *Vandiver v. Correctional Med. Servs., Inc.*, 326 Fed. App'x 885, 2009 WL 1175153, at *2 (6th Cir. May 1, 2009) (noting MDOC's current grievance procedures require prisoner to name all individuals being grieved in order to satisfy PLRA exhaustion requirements). The fact that Plaintiff did not have actual knowledge that Defendant Martin was the decision maker when the 2165 Grievance was filed does not change this result, as the MDOC grievance procedures did not prevent Plaintiff from expressly naming Defendant Martin in his Step II appeal. *See* MDOC Policy Directive 03.02.130. By failing to name Defendant Martin at any point during the grievance process, prison officials did not have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court," thereby frustrating not only MDOC's administrative policies, but also the PLRA as a whole. *Jones v. Bock*, 549 U.S. 199, 204 (2007). Consequently, the Magistrate Judge correctly dismissed Plaintiff's claim against Defendant Martin.

      **B.**    **Defendant Thompson was not personally involved in the decision to deny Plaintiff's dietary request, and therefore cannot be held liable for the allegedly wrongful conduct.**

Plaintiff also objects to the dismissal of his claims against Defendant Thompson, arguing that "Chaplain [Thompson] never state[d] that he did not make a recommendation in the matter at issue and/or participate in the decision making process." (docket # 21, at 4.) This argument is without merit. Contrary to Plaintiff's argument, Defendant Thompson filed a sworn affidavit in support of his Motion for Summary Judgment that stated he recorded each of Plaintiff's responses to the diet interview questionnaire, forwarded Plaintiff's responses to Warden McKee, and that he did not deny Plaintiff's request as it was not within his "purview to either approve or deny religious diet requests." (Thompson Aff., docket # 13-3, at ¶ 4.) The Step I, II, and III responses to the 2165 Grievance

confirm that Defendant Thompson lacked decision-making authority regarding religious diet requests, as does MDOC Policy Directive 05.03.0150A and Plaintiff's own Opposition Brief (docket # 17, at 2). As the Magistrate Judge correctly noted, individuals such as Defendant Thompson are only liable for their own unconstitutional behavior under section 1983. (docket # 19, at 8-9 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009); *Colvin v. Caruso*, 605 F.3d 382, 392 (6th Cir. 2010).) Because Defendant Thompson did not make the decision to deny Plaintiff's request for a strict vegetarian diet, he cannot be held liable for the decision. (*Id.*) Plaintiff's claim against Defendant Thompson must therefore be dismissed.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed October 18, 2011 (docket # 19), is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Defendants Thompson and Martin (docket #12) is **GRANTED**.

This case is now closed.

Dated:   February 22, 2012              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE